FILED

July 8, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 2:14 PM



## COURT OF WORKERS' COMPENSATION CLAIMS
## BUREAU OF WORKERS' COMPENSATION

| | | |
|---|---|---|
| Verna Silas | ) | Docket No.: 2014-02-0013 |
|     Employee, | ) | |
| v. | ) | State File No.: 65583-2014 |
| | ) | |
| Brock Services | ) | Date of Injury: August 8, 2014 |
|     Employer, | ) | |
| And | ) | Judge: Brian K. Addington |
| | ) | |
| ESIS | ) | |
|     Insurance Carrier. | ) | |
| | ) | |

## DISMISSAL ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge on June 30, 2015, for a hearing on the Motion to Dismiss filed April 22, 2015, by Brock Services (Brock). The Court conducted the hearing by telephone. Attorney Eddie Lauderback represented Brock and its workers' compensation carrier, ESIS, at the hearing.[1] Verna Silas (Ms. Silas), the employee, represented herself.

## HISTORY OF THE CLAIM

Ms. Silas filed a Petition for Benefit Determination on September 22, 2014, seeking medical and temporary disability benefits for injuries to her back that she allegedly suffered on August 15, 2014, when her back popped while lifting items at work. On December 19, 2014, Ms. Silas requested an Expedited Hearing to determine whether she was entitled to medical and temporary disability benefits. She alleged her injury arose primarily out of and in the course and scope of her employment. Brock filed a response with the defense that Ms. Silas' injury did not arise primarily out of and in the course and scope of her employment.

The Court scheduled a telephonic Expedited Hearing on January 12, 2015, which

---

1 Following the Dismissal Hearing, Attorney Lauderback became a Circuit Court Judge. This Order will be sent to Attorney Brad Griffith, Judge Lauderback's former partner.

1

both parties attended. On January 15, 2015, the Court issued an Expedited Hearing Order denying the relief sought by Ms. Silas on the grounds of compensability. The Court based its decision on the evidence introduced at the hearing that indicated that Ms. Silas suffered an injury that did not arise primarily out of and in the course and scope of employment. Ms. Silas did not appeal the Expedited Hearing Order. The Expedited Hearing Order set an Initial Hearing for March 12, 2015.[2]

On April 22, 2015, Brock filed its Motion to Dismiss pursuant to Mediation and Hearing Procedure Rule 0800-02-21-.14(3) (2014). This Motion to Dismiss will hereinafter be referred to as a "Rule .14(3) motion." On June 30, 2015, both parties appeared by telephone for the Rule .14(3) motion hearing.

## Issue

*Whether Brock is entitled to dismissal of Ms. Silas' claim.*

## Brock's Contentions

Brock seeks dismissal of this claim because Ms. Silas did not introduce any evidence to prove that her injury arose primarily out of and in the course and scope of her employment. Rather, Dr. Sanjeev Kakker, the authorized treating physician (ATP), opined that Ms. Silas' injury was not primarily caused by her employment. Brock asserts through its Rule .14(3) motion that Ms. Silas must provide some evidence that she suffered an injury arising primarily out of and in the course and scope of employment. It notes that the Court denied Ms. Silas' claim on the grounds of compensability. It asserts that the facts have not changed, and Ms. Silas has not presented any other medical proof that her injury primarily arose out of and in the course and scope of her employment.

## Ms. Silas' Contentions

Ms. Silas contends that she suffered a work-injury. She sought treatment at Associated Orthopedics of Kingsport, P.C., but the doctors there have not rendered an opinion that her injury arose primarily out of and in the course and scope of her employment. She asserts that she is unable to work, and therefore unable to afford an attorney to help her with her case or a doctor to render an opinion on causation.

## Discussion

Rule 0800-02-21-.14(3) of the Mediation and Hearing Procedures of the Bureau of Workers' Compensation provides that, where a claim is denied on grounds of compensability following an Expedited Hearing, the employer may file a motion to

---

[2] For good cause shown, the Court reset the Initial Hearing to April 20, 2015, and then to June 30, 2015.

dismiss the claim. The rule states that the injured employee shall file a response to the employer's dismissal motion within thirty (30) days after its filing and, thereafter, the Court shall set the motion for a hearing. Ms. Silas did not file a response within the designated time period. The Court waited until Ms. Silas' time for response expired and, thereafter, scheduled a hearing on Brock's motion.

Rule .14(3) provides a procedural mechanism for the potential dismissal of a workers' compensation claim which, by definition, is tied to a procedure—an Expedited Hearing—that is unique to the Court of Workers' Compensation Claims. As such, a Rule .14(3) motion is distinct from the dismissal mechanisms (motions to dismiss and for summary judgment) provided for in the Tennessee Rules of Civil Procedure. For that reason, the Court finds that a Rule .14(3) motion to dismiss is an alternate procedure as contemplated by section 50-6-239(c)(1) and that the standards and procedures applied to motions to dismiss or motions for summary judgment under the Tennessee Rules of Civil Procedure do not govern the determination of a Rule .14(3) motion.

A party may only file a Rule .14(3) motion after the Court has conducted an Expedited Hearing at which the Court denied the claim on the grounds of compensability. When denying relief at an Expedited Hearing, the Court must find that the injured worker would be unlikely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2014).

That being the case, Rule .14(3) provides a procedural mechanism by which an employer can force an injured worker to address the evidentiary inadequacies that resulted in the adverse decision at the Expedited Hearing. If, in response to the employer's Rule .14(3) motion, the injured worker does not resolve the evidentiary inadequacies in his or her claim or articulate a clear intent to do so, the Court may dismiss the injured worker's claim.

At the Expedited Hearing, Brock defended Ms. Silas' claim by introducing evidence that indicated that Ms. Silas' injury did not arise primarily out of and in the course and scope of employment. Based on Ms. Silas' testimony and the evidence in the file, the Court found that Ms. Silas was not entitled to benefits because she failed to establish the work-relatedness of her injury.

As stated above, Brock's Rule .14(3) motion forced Ms. Silas to address the above-described evidentiary inadequacy by either producing evidence that her injury arose primarily out of and in the course and scope of her employment or articulating a clear intent to do so. Ms. Silas did neither. Instead, she asserted she did not have the finances to secure an expert medical opinion for her injury or to hire an attorney to help her with her case.

In failing to provide any medical evidence of the work-relatedness of her injury,

3

Ms. Silas remains unable to establish a likelihood that she will prevail at a hearing on the merits. Rule .14(3) does not mandate whether a dismissal thereunder is with or without prejudice. For this reason, the Court dismisses Ms. Silas' claim without prejudice.

IT IS, THEREFORE, ORDERED as follows:

1. Ms. Silas' claim for benefits under the Tennessee Workers' Compensation Act is dismissed *without prejudice* to the refiling of the claim; and

2. The Court taxes the $150 filing fee in this claim to Brock and/or its workers' compensation carrier pursuant to Rule 0800-02-21-.07 of the Mediation and Hearing Rules of the Tennessee Bureau of Workers' Compensation, for which execution may issue as necessary. Brock or its carrier shall promptly remit the filing fee to the Clerk of the Court of Workers' Compensation Claims; and.

3. Unless an appeal of this order is filed with the Workers' Compensation Appeals Board or the Tennessee Supreme Court, this order shall become final in thirty (30) days.

ISSUED AND FILED WITH THE COURT OF WORKERS' COMPENSATION CLAIMS ON THE 8th DAY OF JULY, 2015.

Judge Brian K. Addington
Tennessee Court of Workers'
Compensation Claims
1908 Bowater Drive
Kingsport, TN 37660

Right to Appeal:

Tennessee Law allows any party who disagrees with this Dismissal Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Compensation Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within thirty (30) days* of the date the Compensation Order was entered by the Workers' Compensation Judge. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(b).

3. Serve a copy of the Request For Appeal upon the opposing party.

4

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten (10) calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten (10) calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Workers' Compensation Appeals Board, the appeal will be docketed and assigned to an Appeals Board Judge for Review. At that time, a docketing notice shall be sent to the parties. Thereafter, the parties have fifteen (15) calendar days to submit briefs to the Appeals Board for consideration. *See* Tenn. Comp. R. & Regs. 0800-02-22-.02(3).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Dismissal Order was sent to the following recipients by the following methods of service on this the 8th day of July, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Verna Silas | X | | | 5112 Red Robin Lane Kingsport, TN 37664 |
| Brad Griffith, Esq. | | | X | bgriffith@lawyerfirm.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov